IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRANDON ALEXANDER FAVOR,**<br><br>Petitioner,<br><br>v.<br><br>**DANIEL PARAMA, Warden,**<br><br>Respondent. | Case No. 1:16-cv-00574 MJS (HC)<br><br>**ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A COGNIZABLE CLAIM**<br><br>**[Doc. 1]** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus under the authority of 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on April 25, 2016. (Pet., ECF No. 1.), Petitioner was convicted of murder, two counts of attempted murder, and two counts of second degree robbery on July 30, 2008 in Los Angeles County. (Id. at 1.) Petitioner asserts a claim of insufficient evidence. However, it is unclear if his claim and his petition are directed to his underlying conviction in state court or to prison disciplinary proceedings that occurred while Petitioner was incarcerated. (Id. at 4.) While Petitioner asserts that he is entitled to relief and seeks release from prison (Id. at 6.), the

1

Court is unable to determine if his claims are proper until the Court can determine which action Petitioner is challenging.

## I.  DISCUSSION

### A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part: If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

### B.  Failure to State Cognizable Claim

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), quoting, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

Petitioner seeks release from confinement. Therefore, his claims implicate the fact or duration of his confinement, and are properly presented by way of a habeas corpus petition. However, a district court may entertain a petition for a writ of habeas corpus by a state prisoner only on the ground that the custody is in violation of the Constitution,

1  laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); <u>Williams v.</u>
2  <u>Taylor</u>, 529 U.S. 362, 375 n.7, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000); <u>Wilson v.</u>
3  <u>Corcoran</u>, 131 S. Ct. 13, 16, 178 L. Ed. 2d 276 (2010).

4  Federal habeas relief is not available to retry a state issue that does not rise to the
5  level of a federal constitutional violation. <u>Wilson v. Corcoran</u>, 131 S.Ct. at 16 (2010);
6  <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991).
7  Alleged errors in the application of state law are not cognizable in federal habeas
8  corpus. <u>Souch v. Schaivo</u>, 289 F.3d 616, 623 (9th Cir. 2002) (an ex post facto claim
9  challenging state court's discretionary decision concerning application of state
10 sentencing law presented only state law issues and was not cognizable in a proceeding
11 pursuant to 28 U.S.C. § 2254); <u>Langford v. Day</u>, 110 F.3d 1380, 1389 (9th Cir. 1996).
12 The Court accepts a state court's interpretation of state law. <u>Langford</u>, 110 F.3d at 1389.
13 In a habeas corpus proceeding, this Court is bound by the California Supreme Court's
14 interpretation of California law unless the interpretation is deemed untenable or a veiled
15 attempt to avoid review of federal questions. <u>Murtishaw v. Woodford</u>, 255 F.3d 926, 964
16 (9th Cir. 2001).

17 In this case, Petitioner presents a claim that there was insufficient evidence and
18 that he is entitled to release. However, he has presented little detail regarding the factual
19 basis of the claim, and further complicates the matter by attaching a significant number
20 of documents to the petition that appear to relate to different matters. For example, some
21 documents relate to disciplinary proceedings that occurred since Petitioner has been in
22 custod, and other records relate to his underlying conviction. Finally, Petitioner has not
23 presented any federal legal authority for the insufficient evidence claim.

24 A petition for habeas corpus should not be dismissed without leave to amend
25 unless it appears that no tenable claim for relief can be pleaded were such leave
26 granted. <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971). As it is possible that a federal
27 claim could be stated, Petitioner is provided the opportunity to file an amended petition
28 to attempt to state a cognizable claim.

## II. ORDER

Petitioner is ORDERED TO SHOW CAUSE why the petition should not be dismissed for Petitioner's failure to state cognizable federal claims. Petitioner is ORDERED to file an amended petition for writ of habeas corpus within thirty (30) days of the date of service of this order. Petitioner, in the amended petition, should clearly indicate whether he is challenging is conviction or a disciplinary proceeding, and provide significant factual and legal support for the claim.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated: May 2, 2016        /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE