IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRANDON ALEXANDER FAVOR,**<br><br>Petitioner,<br><br>v.<br><br>**DANIEL PARAMA, Warden,**<br><br>Respondent. | 1:16-cv-00574 MJS HC<br><br>**ORDER TRANSFERRING CASE TO THE CENTRAL DISTRICT OF CALIFORNIA** |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On April 25, 2016, Petitioner filed a petition for writ of habeas corpus with this Court. (Pet., ECF No. 1.) On May 3, 2016, the Court issued an order to show cause. (Order, ECF No. 4.) In the order, the Court noted that it was unclear whether the petition was directed toward his underlying conviction in state court or to a prison disciplinary proceeding that occurred while Petitioner was incarcerated. (Id.) The Court ordered Petitioner to file an amended petition clarifying the claim(s) presented. (Id.)

1 Petitioner has since filed three separate amended petitions and a motion for 2 extension of time (filed after the three amended petitions). (ECF Nos. 6-9.) While the 3 petitions contain different claims, they all appear to challenge Petitioner's underlying 4 conviction from the Central District of California.

5 The federal venue statute requires that a civil action, other than one based on 6 diversity jurisdiction, be brought only in "(1) a judicial district where any defendant 7 resides, if all defendants reside in the same state, (2) a judicial district in which a 8 substantial part of the events or omissions giving rise to the claim occurred, or a 9 substantial part of the property that is the subject of the action is situated, or (3) a judicial 10 district in which any defendant may be found, if there is no district in which the action 11 may otherwise be brought." 28 U.S.C. § 1391(b).

12 Venue for a habeas action is proper in either the district of confinement or the 13 district of conviction. 28 U.S.C. § 2241(d). The district court for the district wherein such 14 an application is filed in the exercise of its discretion and in furtherance of justice may 15 transfer the application to the other district court for hearing and determination. Id.

16 It is preferable for petitions challenging a conviction or sentence to be heard in the 17 district of conviction while petitions challenging the manner in which the sentence is 18 being executed be heard in the district of confinement. Dunne v. Henman, 875 F.2d 244, 19 249 (9th Cir. 1989). In this case, it appears that Petitioner is challenging a conviction 20 from Los Angeles County, which is in the Central District of California. See 28 U.S.C. § 21 84. Therefore, the petition should have been filed in the United States District Court for 22 the Central District of California. In the interest of justice, the petition will be transferred 23 to the United States District Court for the Central District of California. 28 U.S.C. §§ 24 1404(a) and 2241(d).

25 Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the

26
27
28

1 United States District Court for the Central District of California. The Court has not ruled
2 on Petitioner's motion for extension of time. (Doc. 9.)

IT IS SO ORDERED.

Dated: May 31, 2016  /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE